UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **JOEL GALARZA, Individually and for Others Similarly Situated,**<br>  *Plaintiff* | §<br>§<br>§<br>§ | |
| **v.** | §<br>§ | Case No. 1:20-cv-00808-RP |
| **ONE CALL CLAIMS, LLC,**<br>**KRISTI SMOOT, KELLY SMOOT, and**<br>**TEXAS WINDSTORM INSURANCE**<br>**ASSOCIATION,**<br>  *Defendants* | §<br>§<br>§<br>§<br>§ | |

## ORDER AND REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE ROBERT PITMAN**
    **UNITED STATES DISTRICT JUDGE**

Before the Court are:

1. Defendant Texas Windstorm Insurance Association's Motion to Dismiss Without Prejudice or, in the Alternative, Motion to Transfer Venue, filed September 2, 2020 (Dkt. 8);

2. Defendants One Call Claims, LLC, Kristi Moot, and Kelly Smoot's Motion to Dismiss or Alternatively, Motion to Transfer, filed September 18, 2020 (Dkt. 10);

3. Plaintiff's Objections to Defendant TWIA's Reply Regarding Motion to Dismiss Without Prejudice or, in the Alternative, Motion to Transfer Venue and Motion for Leave to File Sur-reply, filed October 5, 2020 (Dkt. 13);

4. Plaintiff's Motion for Leave to File Sur-reply Regarding Defendants One Call Claims, LLC, Kristi Moot, and Kelly Smoot's Motion to Dismiss or Alternatively, Motion to Transfer, filed on October 20, 2020 (Dkt. 16);

and the associated response, reply, and sur-reply briefs. The District Court referred the motions to the undersigned Magistrate Judge for disposition and Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules").

I.   **Background**

Defendant One Call Claims, LLC ("One Call") is an Alabama Corporation that provides insurance adjusting services to insurance companies on an as-needed basis. Plaintiff Joel Galarza, an insurance adjuster who lives in Los Fresnos, Texas, filed this suit on July 31, 2020, on behalf of himself and others similarly situated. Galarza contends that One Call, President Kristi Smoot, Chief Executive Officer Kelly Smoot, and the Texas Windstorm Insurance Association ("Texas Windstorm") (collectively, "Defendants") violated the Fair Labor Standards Act, 29 U.S.C. § 210 *et seq.* ("FLSA"), by misclassifying insurance adjustors as independent contractors to avoid paying overtime compensation.

On September 9, 2017, Galarza executed an Independent Contractor Agreement with One Call (the "Agreement"). The Agreement states that One Call temporarily retained Galarza "to perform insurance claims adjusting and estimating services" while he served as an "Inside Claims Examiner/Desk Adjuster/Customer Service Representative" on assignment to One Call client Texas Windstorm. Dkt. 1-1 at 1-2, 17. Galarza contends that, rather than acting as an independent contractor for One Call, One Call and Texas Windstorm established an employment relationship with him, making them subject to the FLSA. Galarza alleges that Defendants violated the FLSA by (1) misclassifying him and other members of the asserted class as independent contractors; (2) paying him and other class members a non-guaranteed, invalid daily rate that was docked if they did not work a full day, as determined by Defendants; and (3) failing to pay overtime when he and other putative class members worked more than 40 hours in a week.

Galarza brings claims under the FLSA to recover unpaid back wages, liquidated damages, and attorneys' fees and costs. One Call and Texas Windstorm seek dismissal of Galarza's claims for improper venue under Rule 12(b)(3) or, in the alternative, transfer to the United States District Court for the Southern District of Alabama under 28 U.S.C. § 1404(a).

Plaintiff's Motions for Leave to File Sur-reply (Dkts. 13 and 16) are **GRANTED**. Galarza's objections to Defendants' replies in support of their respective motions to dismiss are **OVERRULED**.

## II.   Legal Standards

A party may move to dismiss a claim for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). For all civil actions in United States district courts, venue is proper in:

1. a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

2. a judicial district in which a substantial part of the events or omissions giving rise to the claims occurred, or a substantial part of property that is the subject of the action is situated; or

3. if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(1)-(3). If the case falls within one of these provisions, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under 28 U.S.C. § 1406(a). *Atlantic Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 56 (2013).

> Whether the parties entered into a contract containing a forum-selection clause has no bearing on whether a case falls into one of the categories of cases listed in §1391(b). As a result, a case filed in a district that falls within § 1391 may not be dismissed under §1406(a) or Rule 12(b)(3).

*Id.* Where a party seeks to enforce a forum selection clause that points to a particular federal district, it must use § 1404(a). *Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 766 (5th Cir. 2016).

Section 1404(a) provides that: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C.

§ 1404(a). The decision whether to transfer a case under § 1404(a) is a matter within the district court's sound discretion. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 311 (5th Cir. 2008).

Because a plaintiff has the privilege of choosing the venue in which to file, the defendant bears the burden of proving that a transfer of venue would be "clearly" more convenient for the parties and witnesses and in the interest of justice. *Id.* at 315; *see also Schexnider v. McDermott Int'l, Inc.*, 817 F.2d 1159, 1163 (5th Cir. 1987) (stating that "there is ordinarily a strong presumption in favor of the plaintiff's choice of forum that may be overcome only when the private and public interest factors clearly point towards trial in the alternative forum"). The defendant must show "good cause" for the transfer:

> When viewed in the context of § 1404(a), to show good cause means that a moving party, in order to support its claim for a transfer, must satisfy the statutory requirements and clearly demonstrate that a transfer is "[f]or the convenience of parties and witnesses, in the interest of justice." Thus, when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected. When the movant demonstrates that the transferee venue is clearly more convenient, however, it has shown good cause and the district court should therefore grant the transfer.

*Volkswagen*, 545 F.3d at 315.

The preliminary question under § 1404(a) is whether the action "might have been brought" in the destination venue. *Id.* at 312. After determining that the suit could have been filed in the destination venue, the Court weighs the parties' private interests in convenience and the public interest in the fair administration of justice. *Id.* at 315. The private interest factors include:

1. the relative ease of access to sources of proof;
2. the availability of compulsory process to secure the attendance of witnesses;
3. the cost of attendance for willing witnesses; and
4. all other practical problems that make trial of a case easy, expeditious, and inexpensive.

*Id.* The public interest factors include:

1. the administrative difficulties flowing from court congestion;

2. the local interest in having localized interests decided at home;

3. the familiarity of the forum with the law that will govern the case; and

4. the avoidance of unnecessary problems of conflict of laws or in the application of foreign law.

*Id.* The Fifth Circuit has clarified that these factors are not exhaustive or exclusive, and that none is dispositive. *Id.*

When there is a forum selection clause, a court will deem the private interest factors to weigh entirely in favor of the selected forum and consider only the public interest factors. *Atlantic*, 571 U.S. at 64. Forum selection clauses should be given "controlling weight in all but the most exceptional cases." *Id.* at 59-60.

### III.   Analysis

The Court addresses Defendants' motions to dismiss or transfer jointly.

**A. Motions to Dismiss for Improper Venue**

Defendants argue that this case should be dismissed under Rule 12(b)(3) because the Agreement contains a mandatory forum selection clause stating that Mobile County, Alabama is the exclusive venue. Contrary to Defendants' assertion, Rule 12(b)(3) allows dismissal only when venue is wrong or improper under § 1391. The existence of a forum selection clause has no bearing on whether venue is proper under §1391. *Atlantic*, 571 U.S. at 56; *Wellogix, Inc. v. SAP Am., Inc.* 648 F. App'x 398, 402 (5th Cir. 2016).

Galarza has alleged, and Defendants have not disputed, that Defendant Texas Windstorm is a Texas entity whose principal place of business is in Austin, Texas. Dkt. 1 ¶ 5. Although the parties appear to disagree as to whether a substantial portion of the events giving rise to claims took place

5

in Texas, venue is proper under 28 U.S.C. § 1391(b)(3) because Defendant Texas Windstorm is subject to personal jurisdiction in the Western District of Texas. *See BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017) (stating that corporate defendant is subject to personal jurisdiction in place of incorporation and principal place of business). Accordingly, the Court recommends that the motions to dismiss for improper venue under Rule 12(b)(3) be **DENIED**.

## B. Motions to Transfer Venue

Defendants argue that this case should be transferred to the United States District Court for the Southern District of Alabama pursuant to the Agreement's mandatory forum selection clause placing venue in Mobile County, Alabama. Galarza contends that the forum selection clause is invalid, unenforceable, and does not apply to FLSA claims. Galarza further argues that the private and public factors under § 1404(a) weigh in favor of maintaining the action in the Western District of Texas.

### 1. Forum Selection Clause

Federal courts apply federal law to determine whether a forum selection clause is enforceable. *Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte*, 536 F.3d 439, 441 (5th Cir. 2008). Under federal law, forum selection clauses are presumed enforceable, and the party resisting enforcement bears "a heavy burden of proof" to show that enforcement is unreasonable. *Id.* A forum selection clause may be unreasonable if (1) its incorporation into the agreement was the product of fraud or overreaching; (2) the inconvenience or unfairness of the selected forum is such that it would deprive a party of its day in court; (3) the fundamental unfairness of the chosen law will deprive plaintiff of a remedy; or (4) its enforcement would contravene a strong public policy of the forum state. *Haynsworth v. Corp.*, 121 F.3d 956, 963 (5th Cir. 1997).

There are two types of forum selection clauses: mandatory and permissive. A mandatory forum selection clause affirmatively requires that litigation arising from the contract be carried out in a

6

particular forum. *Weber*, 811 F.3d at 768. A forum selection clause is mandatory if it contains clear language specifying that litigation *must* occur in the specified forum. *Id.*; *see also City of New Orleans v. Mun. Admin. Servs., Inc.*, 376 F.3d 501, 504 (5th Cir. 2004) (stating that forum selection clause is mandatory if it clearly demonstrates the parties' intent to make that jurisdiction "exclusive"). A permissive forum selection clause is a contractual waiver of personal jurisdiction and venue objections if litigation is commenced in the specified forum. *Weber*, 811 F.3d at 768.

The Agreement contains the following forum selection clause:

> **Governing Law, Jurisdiction and Venue**. This Agreement shall be governed by the laws of the State of Alabama. Adjuster agrees and consents to personal, exclusive, original jurisdiction and venue in the Federal or State courts located in Mobile County, Alabama, and expressly waives all objections as to jurisdiction and venue.

Dkt. 1-1 ¶ 9.

Galarza's argument that the forum selection clause is not mandatory because it is ambiguous is unsupported by either the language of the clause or by precedent. The Agreement's forum selection clause states the parties' intent to make Mobile County, Alabama the exclusive jurisdiction and venue for a dispute, and that Galarza expressly waives all objections to jurisdiction and venue. *See Argyll Equities LLC v. Paolino*, 211 F. App'x 317, 319 (5th Cir. 2006) (finding forum selection clause mandatory where it clearly demonstrated the parties' intent to provide for "the exclusive jurisdiction of the courts sitting in Kendall County, Texas"); *Matheson Tri-Gas, Inc. v. FlexTM, Inc.*, Civil Action No. 4:18-CV-0248, 2018 WL 2363958, at *1, 5 (S.D. Tex. May 24, 2018) (finding forum selection clause mandatory where parties agreed "to consent to the exclusive jurisdiction of the courts of the State of Texas with regard to any dispute arising hereunder"); *Link Am., LLC v. Infovista Corp.*, No. 3:16-CV-542-M, 2016 WL 3406114, at *2-3 (N.D. Tex. June 21, 2016) (finding forum selection clause stating that disputes "shall be subject to the exclusive jurisdiction of the Massachusetts state and federal courts" mandatory); *Saye v. First*

*Specialty Ins. Co.*, No. 3:14-CV-202-M, 2014 WL 1386565, at *3 (N.D. Tex. Apr. 9, 2014) (finding forum selection clause mandatory where it stated parties "irrevocably submit to the exclusive jurisdiction of the Courts of the State of New York" and "expressly waive all rights to challenge or otherwise limit such jurisdiction"). Accordingly, the Agreement's forum selection clause is mandatory.

Because the forum selection clause is mandatory, Galarza may avoid its enforcement only by proving that it is unreasonable. *In re Spillman Dev. Grp., Ltd.*, 710 F.3d 299, 306 (5th Cir. 2013) (stating that forum selection clauses are prima facie valid and should be enforced unless shown to be "'unreasonable' under the circumstances" (quoting *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972))). Galarza offers no evidence that enforcement of the Agreement's forum selection clause would be unreasonable. Galarza has failed to show that (1) the clause was the result of fraud or overreaching; (2) litigating in Alabama is so inconvenient or unfair as to deprive him of his day in court; (3) the fundamental unfairness of the Alabama law will deprive him of a remedy (because the remedy Galarza seeks is based on federal law); or (4) enforcement of the forum selection clause contravenes a strong public policy in Texas. *Haynsworth*, 121 F.3d at 963.

When he executed the Agreement, Galarza clearly and unambiguously waived his right to bring an action in the Western District of Texas by agreeing to file suit in Mobile County, Alabama. *See Sabal Ltd. v. Deutsche Bank AG*, 209 F. Supp. 3d 907, 916-17 (W.D. Tex. 2016) (stating that when plaintiff agreed by contract to bring suit only in a specified forum, he effectively exercised "venue privilege" before suit arose). Accordingly, the Court finds that the forum selection clause is mandatory and enforceable.

### 2. FLSA Claims

Courts "look to the language of the parties' contract to determine which causes of action are governed by the forum selection clause." *Marinechance Shipping, Ltd. v. Sebastian*, 143 F.3d 216,

222-23 (5th Cir. 1998). A forum selection clause can apply to both contract and tort claims. *Id.* FLSA claims may be subject to a forum selection clause if the claims are dependent on the provisions of the contract. *Perry v. BergHOFF Int'l, Inc.*, 805 F. App'x 301, 303 (5th Cir. 2020).

In *Perry v. BergHOFF*, the Fifth Circuit addressed whether FLSA claims are subject to forum selection clauses in contracts. *Id.* BergHOFF, a Florida corporation, entered a contract with Perry to serve as one of its sales agents in Sam's Clubs throughout the country. The contract included a forum selection clause stating that "any dispute between [Perry] and [BergHOFF] arising under this Agreement shall be submitted [in] accordance of the laws of the State of Florida" and that "any litigation shall take place in New Port Richey, Pasco County, Florida." *Id.* at 302-03. Perry filed suit against BergHOFF in the U.S. District Court for the Southern District of Texas, alleging FLSA violations on behalf of herself and others similarly situated. *Id.* at 303. The court granted BergHOFF's motion to dismiss based on the forum selection clause. *Id.* On appeal, the Fifth Circuit Court of Appeals determined that the district court did not err in dismissing Perry's suit because her FLSA claims were dependent on numerous provisions in the contract. *Id.* The Fifth Circuit noted that Perry's contract included provisions governing the purchasing of supplies, reimbursement for expenses, performance of job duties, and payment on a commission-only basis for completed sales. *Id.* Because Perry's FLSA claims were dependent on those contractual provisions, the Court found that the forum selection clause applied to her claims. *Id.*

Here, as in *Perry*, Galarza's FLSA claims depend on numerous provisions of his contract.[1] For example, the Agreement states that:

---

[1] Galarza relies on two district court cases to argue against a finding that his FLSA claims are subject to the Agreement's forum selection clause. Dkt. 12 at 7-8. Both cases were decided before the Fifth Circuit addressed the issue in *Perry*. *Chebotnikov v. LimoLink, Inc.*, 150 F. Supp. 3d 128 (D. Mass. 2015); *Lucke v. Municipal Accts. & Consulting, L.P.*, Case No. A-11-CA-090-SS, 2011 WL 13324289 (W.D. Tex. Mar. 23, 2011).

1. Galarza's "[n]ormal inside claims examining/desk adjusting responsibilities to be determined by [Texas Windstorm], including up to 10 hours per day with hours determined by [Texas Windstorm]."

2. "Duration of the assignment is determined by [Texas Windstorm]."

3. "Rate of pay will be as follows: $1,200.00 per day . . . ."

4. "There will be zero tolerances for not reporting of tardiness or absences. For each day that this occurs there can be, at the discretion of [One Call], a deduction of up to one day's pay to adjuster."

5. "Any deviation from this protocol [for release from an assignment] will result in damages being withheld from owed monies and be considered a breach of this contract. The amount of which is not to exceed two weeks of owed compensation and is determined at the discretion of [One Call] management."

6. Should Galarza "be terminated, or leave voluntarily, during the first 14 days of the assignment . . . Penalties can be assessed against [Galarza] depending on circumstances and will be at [One Call] managements [sic] discretion."

Dkt. 1-1 at 17-18. Galarza's claims that he was classified as an independent contractor improperly because Defendants acted as his joint employers, that he was paid a non-guaranteed daily rate docked at Defendants' discretion, and that Defendants failed to pay him overtime for working more than 40 hours a week all depend on the provisions of the Agreement. Consequently, Galarza's FLSA claims are subject the Agreement's forum selection clause.

### 3. Section 1404(a) Public Interest Factors

Given the existence of a valid forum selection clause, the Court deems all the private interest factors in its § 1404(a) analysis to weigh in favor of Mobile County, Alabama. *Atlantic*, 571 U.S. at 64. The Court now considers the public interest factors of the § 1404(a) analysis. *Id.* "Because those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Id.* There is "a high burden of persuasion on a party seeking to avoid enforcement of a forum selection clause." *Weber*, 811 F.3d at 776.

Galarza has not met that burden. Galarza admits there are no administrative difficulties resulting from court congestion. Dkt. 12 at 10. He also admits there are no issues with familiarly or conflict of laws because the FLSA is federal law. *Id.* Galarza relies on local interest as the only factor weighing against transfer. Galarza contends that the Western District of Texas has an interest in deciding this case because Texas Windstorm has a principal place of business in Austin, Texas, and that he and the putative class members performed much of their work in Austin. Dkt. 12 at 10. Galarza also asserts that One Call has relocated its headquarters to Texas, but Defendants provided evidence that it remains in Mobile, Alabama. Dkt. 14-1 at 2.

After carefully considering the public interest factors, the Court finds that Galarza has not established that this is an extraordinary case in which the public interest factors outweigh the Agreement's valid forum selection clause. Accordingly, the Court recommends the Motions to Transfer under § 1404(a) be **GRANTED**.

## IV.     Recommendation

Based on the foregoing, the undersigned Magistrate Judge **RECOMMENDS** that the District Court **GRANT IN PART AND DENY IN PART** Defendant Texas Windstorm Insurance Association's Motion to Dismiss without Prejudice or, in the Alternative, Motion to Transfer Venue (Dkt. 8) and Defendants One Call Claims, LLC, Kristi Moot, and Kelly Smoot's Motion to Dismiss or Alternatively, Motion to Transfer (Dkt. 10). The Court **RECOMMENDS** that the District Court **DENY** the Motions to Dismiss under Federal Rule of Civil Procedure 12(b)(3) and **GRANT** the Motions to Transfer pursuant to 28 U.S.C. § 1404(a). The undersigned **FURTHER RECOMMENDS** that the District Court **TRANSFER** this case to the United States District Court for the Southern District of Alabama.

**IT IS FURTHER ORDERED** that the Clerk **REMOVE** this case from the Magistrate Court's docket and **RETURN** it to the docket of the Honorable Robert Pitman.

## V.  Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on April 26, 2021.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE